UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONYA JAMES, o/b/o K.H.,

     Plaintiff,

v.                         CASE No. 8:11-CV-335-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of

her claim for supplemental security income payments on behalf of her son.[*]

Because the decision of the Commissioner of Social Security is supported by

substantial evidence, and does not contain reversible error, the decision will

be affirmed.

I.

K.H. was born September 8, 2004, and was four years old at the

time of the administrative decision (Tr. 116). The plaintiff, who is the child's

_____

[*]The parties have consented in this case to the exercise of jurisdiction by a United
States Magistrate Judge (Doc. 13).

mother, has filed a claim for supplemental security income. She alleges that the child is disabled due to asthma, chronic sinusitis, and acid reflux (Tr. 120). The claim was denied initially and upon reconsideration.

The child's mother, at her request, then received a de novo hearing before an administrative law judge. Following the hearing, the law judge found that the child suffers from severe impairments of "asthma, gastroesophageal reflux disease (GERD), MBL deficiency, seasonal allergies, chronic sinusitis, status post adenoidectomy and atopic dermatitis" (Tr. 18). The law judge concluded that the child does not have an impairment that "meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1" (id.). The law judge also found that "the claimant does not have an impairment or combination of impairments that functionally equals the listings" (id.). The law judge, therefore, determined that the child was not disabled (Tr. 28). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In 1996, the Social Security Act was amended with respect to eligibility for child's disability benefits. As amended, the Act now provides (42 U.S.C. 1382c(a)(3)(C)(i)):

> An individual under the age of 18 shall be considered disabled ... if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

The Commissioner subsequently issued regulations explaining how this provision would be implemented in determining whether a child is disabled. See 20 C.F.R. 416.924.

Similar to the approach taken with adults, the Commissioner assesses child disability claims under a sequential analysis. 20 C.F.R. 416.924(a). The first step is to determine whether the child is actually working at substantial gainful activity. 20 C.F.R. 416.924(b). If not, the second step asks whether the child has a severe impairment. 20 C.F.R. 416.924(c). If he does not, the child is considered not disabled. Id. If there is a severe impairment, the third, and final, step in the analysis is to determine whether the child has an impairment that meets, medically equals, or functionally equals, a set of criteria in the Listing of Impairments in Appendix 1. 20 C.F.R. 416.924(d). If the child does, then he is deemed disabled. 20

C.F.R. 416.924(d)(1). If he does not, then he will be found not disabled. 20 C.F.R. 416.924(d)(2).

As with claims by adults, a determination by the Commissioner that a child is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by

substantial evidence. <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

## III.

The plaintiff challenges the law judge's decision on two grounds: (1) the law judge erred in finding that the child's asthma did not meet the listing for that condition, and (2) the law judge erred by failing to order a pulmonary function test. Neither contention has merit.

As indicated, in order to be found disabled, a child must meet, medically equal, or functionally equal, a listing in Appendix 1. The plaintiff limits her argument to the claim that her son meets the listing for asthma. She makes no contention that her son medically or functionally equals a listing.

In light of the scheduling Order, any such contentions are waived (see Doc. 12, p. 2).

The plaintiff's contention that her son meets a listing is limited further to her argument that her son meets listing 103.03B regarding childhood asthma (Doc. 22, p. 9). That listing provides:

> 103.03 Asthma with:
>
> ...
>
> B. Attacks (as defined in 3.00c), in spite of prescribed treatment and requiring physician intervention, occurring at least once every two months or at least six times a year. Each in-patient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of the attacks.

The plaintiff contends that the child had six attacks during the period of November 20, 2004, through September 28, 2005 (Doc. 22, p. 10). Specifically, she asserts the child was admitted to the hospital for complaints of congestion, cough, sneezing, and bronchitis on November 20, 2004, and discharged on November 22, 2004, and that this constitutes two attacks (id.). She adds two more attacks for a hospital stay on April 26-27, 2005 (id., p. 11). A fifth attack is said to be a hospitalization on May 3, 2005 (id.). A sixth attack is based on a hospitalization on September 28, 2005 (id.).

This assessment is erroneous for several reasons.

In the first place, it seems to me that the plaintiff cannot rely upon a showing based upon the period of November 20, 2004, to September 28, 2005, to establish that a listing was met. The plaintiff filed her application for supplemental security income on August 11, 2006 (Tr. 15). Under the regulations, the plaintiff is not entitled to any benefits prior that date. 20 C.F.R. 416.335. Consequently, a showing that the child had six asthma attacks during a twelve-month period that ended many months before the application was filed does not support an award of benefits. See Browning v. Astrue, 2008 WL 835702 at *7 (N.D. Ind.).

Significantly, the plaintiff makes no attempt to show that the child suffered six asthma attacks during a twelve-month period after the application was filed. In this respect, it is noted that on March 23, 2007, the plaintiff told Dr. Sandra J. Downes, a treating physician, that the child was well and "this has been the longest stretch without significant illness" (Tr. 410).

Furthermore, even assuming that an award of supplemental security income benefits could be based on a period prior to the filing of the application, the record persuasively shows that the child did not have six

asthma attacks during the period. The plaintiff asserts that a hospitalization

on April 26-27, 2005, counts as two attacks, and a hospitalization on May 3,

2005, counts as a third attack (Doc. 22, p. 11). The Commissioner argues that

the child was hospitalized from April 26 to May 3, so that this period only

counts as two attacks, not three (Doc. 23, pp. 7-8). Importantly, the law

judge's findings state that the child was admitted to the hospital on April 26,

2005, and that he "was thereafter closely monitored and his pulmonary status

improved with the [child] being able to be discharged on May 3, 2005" (Tr.

19). This determination is supported by substantial evidence (Tr. 228).

Consequently, there are at most only five asthma attacks between November

20, 2004, and September 28, 2005. Therefore, even during that period, the

child did not meet listing 103.03B.

Furthermore, the medical records do not support the plaintiff's

claims of asthma attacks on November 20, 2004 (which the plaintiff counted

as two), and on September 28, 2005. The hospitalization on November 20,

2004, was for respiratory syncytial virus bronchiolitis (Tr. 220, see also Tr.

209). The plaintiff has provided no basis for thinking that this hospitalization

was for an asthma attack.

The hospital report of September 28, 2005, had a diagnostic impression of "[e]xacerbation of reactive airway disease" (Tr. 207). The word "asthma" is not mentioned in that report (id.). Arguably, the condition is equal to asthma but the plaintiff has not adduced any medical opinion stating that these are equivalent. Moreover, the plaintiff's argument is that the child meets the listing for asthma, not that it medically equals that listing.

"When a claimant contends that he has an impairment meeting the listed impairments, the burden is on the claimant to present specific medical findings that meet the various tests listed under the description of the applicable impairment, or, if in the alternative, he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present evidence which describes how the impairment has such an equivalency." Wilkinson o/b/o Wilkinson v. Bowen, 847 F.2d 660, 662 (11th Cir. 1987). The plaintiff has failed to make the required showing.

Thus, the plaintiff has not identified specific medical findings that show that the child had six asthma attacks, much less that they occurred during a relevant period. Consequently, the plaintiff has not demonstrated that the child meets listing 103.03B. And she has waived any contention that the child medically equals that listing.

Notably, no doctor has opined that the child meets (or equals) listing 103.03B. On the other hand, two nonexamining reviewing physicians have stated that the child does not meet, or equal, a listing (Tr. 320, 428). Under these circumstances, the law judge's finding that the child "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments" is clearly supported by substantial evidence.

The plaintiff's second issue is that the law judge failed in her duty to develop the record because she did not order a spirometry pulmonary function test (Doc. 22, p. 11). This contention should be considered waived because it was never presented to the administrative agency. In all events, it is meritless.

The plaintiff, who was represented by counsel before the law judge, never requested the law judge to have a pulmonary function test conducted (see Tr. 12-28). Further, the lack of such a test was not raised before the Appeals Council (Tr. 158).

The Supreme Court has held that a failure to raise an issue before the Appeals Council does not preclude it from being raised before the district court. Sims v. Apfel, 530 U.S. 103 (2000). However, the Eleventh Circuit

has said that, "if a claimant fails to raise an argument before the administrative agency, we will not consider it on appeal." Luckey v. Astrue, 331 Fed. Appx. 634, 638 (11th Cir. 2009). Since the agency has never had a chance to consider at any level whether a pulmonary function test should be performed, it is unfair to fault the Commissioner for not ordering such a test.

In all events, even if the plaintiff's last-gasp contention is considered, it lacks merit. The law judge has a basic duty to develop a full and fair record. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). However, the burden of proving disability rests primarily with the plaintiff. See Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001); 20 C.F.R. 416.912(c)("You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled."). Moreover, a remand is not warranted due to a failure to develop the record unless the plaintiff can demonstrate evidentiary gaps in the record which result in "unfairness or clear prejudice." Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 586 (11th Cir. 1991). The plaintiff did not demonstrate that the law judge failed to develop the record, much less that such a failure resulted in evidentiary gaps amounting to clear prejudice.

The record in this case shows that the child saw his doctors frequently. In this respect, he was seen by his pediatrician, by an allergy specialist who practiced in a group called Allergy, Asthma and Immunology Associates, and by pulmonary pediatric specialists at the University of South Florida medical school. In addition, he was treated a number of times in the hospital. There was no shortage of medical evidence concerning the child's impairments.

Moreover, under the circumstances, there would be no reason for the law judge to have thought about a pulmonary function test on her own. Even if such a test came to her mind, she would reasonably think that the specialists would have ordered one if that were warranted. And since the plaintiff's lawyer made no such request, she could have decided that a test was not appropriate, and that she would be overstepping her bounds by substituting her assessment for those of the child's doctors.

Finally, as the Commissioner has argued, the plaintiff is simply on a fishing expedition. It is sheer speculation to think that a pulmonary function test would establish that the child meets listing 103.03A.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED.

The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this ___ day of March, 2012.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE